# In the United States Court of Federal Claims

No. 06-633C
(Filed: June 4, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JUDITH L. CRONIN,

            *Plaintiff*,

v.

THE UNITED STATES,

            *Defendant.*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

This case returns to us on remand by order of the Court of Appeals for the Federal Circuit. Plaintiff filed her case in the Court of Federal Claims on September 7, 2006, challenging the Navy Board of Corrections decisions as to her disability rating and delayed promotion. We initially held that all of plaintiff's claims except those concerning Post Traumatic Stress Disorder ("PTSD") were barred by the statute of limitations. As for the PTSD claim, we upheld the Board's decision, but remanded for the limited purpose of determining whether plaintiff's annuity payments were correct. After the board resolved that issue, and we dismissed the case, plaintiff appealed.

After hearing Ms. Cronin's arguments on appeal, the Federal Circuit remanded so that we could consider whether the statute of limitations had been tolled and, if so, whether PTSD further exacerbated plaintiff's other medical conditions. On remand, we held that the statute of limitation had been tolled. In a separate opinion, we granted the government's cross-motion for judgment on the administrative record, upholding the agency's action with respect to plaintiff's promotion and holding that the Board's review of Ms. Cronin's conditions and its assignment of a disability rating was neither arbitrary nor capricious. Plaintiff once again appealed.

The Federal Circuit issued a second opinion on August 24, 2014, affirming in part our decision dismissing both the promotion and the PTSD claims on the merits, vacating in part our decision in so far as it tolled the

limitations period, and remanding that portion of the case for dismissal. Its mandate followed on April 17, 2015. The portion of the case that was remanded concerns those of plaintiff's claims that the Federal Circuit held were time barred. As to those remaining claims this court lacks jurisdiction. Accordingly, we hereby dismiss this case without prejudice for lack of subject matter jurisdiction pursuant to the Rules of the Court of Federal Claims, Rule 12(b)(1). The Clerk is directed to order judgment. No costs.

<u>s/Eric G. Bruggink</u>
ERIC G. BRUGGINK
Judge